**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARTHA E. DOMINGUEZ, | ) | CASE NO. CV 13-07947 RZ |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff Martha E. Dominguez complains only that the Administrative Law Judge did not follow the law in discrediting her claims of pain.

It has long been established that the Administrative Law Judge need not accept allegations of pain at face value. If, however, the claimant has an impairment that reasonably could lead to pain, the Administrative Law Judge can discredit claims of excess pain only by making specific findings stating clear and convincing reasons for doing so. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The Administrative Law Judge must identify the statements that he finds not credible, and he must describe the evidence which impeaches the claimant's credibility. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). He may use ordinary techniques of assessing credibility. *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

The Administrative Law Judge fairly stated Plaintiff's complaints about the length of time she could stand, where and how often she felt pain, what medication she took, and what activities she performed. [AR 20] He then noted that overall the medical evaluation showed little objective verification. [*Id.*] Standing alone, of course, the statement that objective medical evaluation does not support a claim of pain is insufficient, for it is the very nature of "excess pain" that it exceeds norms from a medical impairment. But objective evidence nevertheless is relevant as one factor in assessing credibility. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001).

Added to the meager objective evidence was the conservative treatment for most of the time that Plaintiff was followed. [AR 20] The conservative or limited nature of treatment is a factor that an Administrative Law Judge may look to in assessing a claimant's credibility. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995); *Tommasetti v. Astrue*, 553 F.3d 1035, 1039 (9th Cir. 2008); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). The Administrative Law Judge also referenced Plaintiff's household activities, and reasonably drew inferences as to how those activities were inconsistent with Plaintiff's claims that she could not bend and needed to be inactive. [AR 21] This too was permissible. *Cf. Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1196-97 (9th Cir. 2004). It may be that this evidence is susceptible to other conclusions, but it is sufficient if it is reasonable. *Rollins, supra*, 261 F. 3d at 857.

The Court finds no merit to Plaintiff's assertions. The decision of the Commissioner is affirmed.

DATED: October 15, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE